IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>HERMILO PALMERIN ZAMUDIO,<br><br>    Defendant.<br>                                           / | No. CR 12-00532 WHA<br><br>**ORDER RE MOTIONS IN LIMINE, JURY INSTRUCTIONS, AND TRIAL SCHEDULE** |

Having considered the parties' briefs and following the final pre-trial conference, the Court rules as follows on the motions in limine. The rulings herein are subject to the caveat that defendant may open the door to evidence that would otherwise be inadmissible.

**Government's Motion in Limine No. 1 to Admit Certain Exhibits**

The government seeks to admit certain exhibits, a number of which were introduced by the government in the first trial. At the hearing, the following documents were discussed:

Exhibit 1: This is a memorandum order of removal of the immigration judge with defendant's handwritten statement, dated November 1, 2000. The government also seeks to admit a certified translation of defendant's statement, which is in Spanish. Defendant does not object. Accordingly, with respect to this document, the motion is **GRANTED**. The government must still lay a foundation for admissibility at trial. At the hearing, the parties stated that they may be able to reach a stipulation on the translations such that there will be no need for a translator at trial.

Exhibit 5: This document is entitled "Immigration Detainer Notice of Action," dated April 23, 2012. The document is relevant as to how and when defendant was found by Immigrations and Customs Enforcement and when defendant was in Sonoma County jail. The

government must, however, authenticate the document and lay a foundation through an appropriate witness at trial.

Exhibit 7: This document is entitled "Notice of Intent/Decision to Reinstate Prior Order." As defendant had no objection to this document, subject to establishing a proper foundation at trial, the motion is **GRANTED**.

**Government's Motion in Limine No. 2 to Preclude Certain References**

The government seeks to preclude references to (1) defendant's belief that his reentry and presence in the United States was lawful, (2) the legality of defendant's prior removals (3) reasons for re-entry, (4) biographical background including prior lawful permanent resident status, (4) any defense of necessity or duress, and (5) potential penalties.

Regarding defendant's lawful permanent resident status and biographical background, defendant should not get into any of this information if he does not testify. If defendant does testify, he is entitled to establish some background and personality for the jury. The Court will defer ruling on the extent such biographical information is allowable if and when it becomes relevant.

Counsel for defense stated at the hearing that defendant would not offer a defense of necessity or duress. As to potential penalties, defendant may argue to the jury that this is a criminal proceeding, not an immigration court.

**Government's Motion in Limine No. 3 to Admit Defendant's Birth Certificates with Certified Translation**

The government seeks to admit the defendant's birth certificate and certified translations. Defendant does not object to these documents. Accordingly, the motion is **GRANTED**. As stated above, the parties indicated that they may be able to reach a stipulation on the translations.

**Defendant's Motion to Exclude Prior Convictions under FRE 609**

Defendant seeks to exclude evidence of defendant's two prior convictions. As stated at the hearing, the Court's tentative ruling is that neither conviction will come in unless defendant himself opens the door to this evidence, *e.g.* by suggesting that defendant would have been

eligible for lawful permanent resident status.  If defendant opens the door in this manner, the Court may determine that evidence regarding one or both offenses may come in.

**Additional matters**

Defendant should not argue to the jury that he does not understand English merely because he may avail himself of the court-provided translators.  If defendant wishes to establish a lack of understanding of English, defendant himself or someone knowledgeable about defendant's English-speaking ability should testify on this topic.

**Jury Instructions**

The jury instructions will include the government's special instruction regarding "voluntarily entered."  The jury will *not* be instructed as to defendant's instruction regarding venue.  As to defendant's special instructions regarding "found," "official restraint," and statute of limitations, the Court will defer ruling on these to see if the evidence presented at trial supports such instructions.

The government requested an instruction regarding "at or about."  Defendant requested an instruction on the definition of "deportation."  As stated at the hearing, both sides have until **MARCH 5 AT NOON** to submit supplemental briefs citing authorities in support of their proposed instructions.

**Trial Schedule**

Based on the schedule of the Court, it would be preferable to start trial the week of March 18.  The government will look into whether Attorney Mark Kang will be available to do so.  If he is not available to conduct the trial that week, trial will start **MARCH 11 AT 7:30 A.M.**

**IT IS SO ORDERED.**

Dated: March 4, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE