IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>HERMILO PALMERIN ZAMUDIO,<br><br>    Defendant.<br>                                                  / | No. CR 12-00532 WHA<br><br>**ORDER DENYING DEFENDANT'S RULE 29 MOTION** |

**INTRODUCTION**

In this criminal prosecution for illegal reentry of a removed alien, defendant has filed a motion for judgment of acquittal pursuant to Rule 29. For the reasons stated below, the motion is **DENIED**.

**STATEMENT**

Defendant Hermilo Palmerin Zamudio was charged with illegal reentry of a previously removed alien in violation of 8 U.S.C. 1326. At the close of the government's case-in-chief, defendant indicated it would make a Rule 29 motion, which the Court stated would be preserved. The jury was ultimately unable to reach a verdict and a mistrial was declared.

At trial, the government called as a witness Deportation Officer David Barnett, who testified that Immigrations and Customs Enforcement received information regarding the defendant's presence in Sonoma County Jail. A detainer was then lodged against defendant. The jail is over 500 miles from the United States-Mexico border. Evidence regarding the reason defendant was in jail was excluded based on the agreement of the parties at the pretrial conference (Dkt. No. 54 at 29).

Agent Kenneth Legaspi of ICE testified that he interviewed defendant on June 22, 2012, when defendant entered ICE custody. He further testified that he had advised defendant of his rights verbally in English and provided defendant with a form that again advised defendant of his rights in both English and Spanish. Agent Legaspi testified that he witnessed defendant sign a waiver of his rights by signing the form. On the form, defendant wrote that he is a citizen of Mexico. The form further stated that defendant had been deported from the United States in 2000 and had entered the United States again in 2001.

Defendant has filed a motion for judgment of acquittal pursuant to Rule 29. Defendant contends that the government failed to present evidence to the jury that defendant was found in the United States free from official restraint. Defendant does not contend that the evidence was insufficient as to any other element of the offense. For the reasons stated below, the motion is **DENIED**.

## ANALYSIS

In reviewing the sufficiency of the evidence, our court of appeals applies a two-step approach based on *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir.2010) (en banc). *First,* a court must "construe the evidence in the light most favorable to the prosecution." *Jackson*, 443 U.S. at 319. Where the record "of historical facts that supports conflicting inferences," a reviewing court "must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326. *Second*, looking at the evidence in this manner, the court must determine "whether the evidence is adequate to allow 'any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1143-44 (9th Cir. 2012) (quoting *Jackson*, 443 U.S. at 319). "At this second step, however, a reviewing court may not ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt, only whether any rational trier of fact could have made that finding." *Nevils*, 598 F.3d at 1164 (internal quotations and citations omitted).

2

1	Defendant argues that to prove that defendant illegally entered the United States, an
2 element under Section 1326, the government must prove beyond a reasonable double that
3 defendant "entered the United States free from official restraint at the time officials discovered
4 or apprehended him." *United States v. Bello-Bahena*, 3411 F.3d 1083, 1087 (9th Cir. 2005). A
5 person cannot be said to have been "found in the United States" if he was under constant
6 observation by governmental authorities from the moment of entering this country until the
7 moment of his arrest. *United States v. Castellanos-Garcia*, 270 F.3d 773, 775 (9th Cir. 2001).

8	Here, the government presented evidence that defendant was deported in 2000 and that
9 he was found in 2012 in Sonoma County jail, over 500 miles from the border. Based on this
10 evidence, any rational trier of fact could find that defendant was free of official restraint for at
11 least some part of his subsequent time back in the United States. The decisions cited by
12 defendant are not applicable here, as those decisions dealt with cases at the border, where the
13 issue was whether the alien was in custody or under constant surveillance by the government
14 from the moment of crossing the border until his arrest or detention. There is no evidence to
15 support defendant's theory that he was in continuous custody for eleven years, and a rational
16 trier of fact could reasonably infer that the evidence adduced by the government at trial
17 established the element of entry beyond a reasonable doubt. Moreover, no evidence presented at
18 trial suggested that defendant's state custody in Sonoma County jail was caused by the federal
19 government, nor that defendant was somehow kept in custody by the federal government from
20 the moment he crossed into this country in 2001.

21	As in *Castellanos-Garcia,* there is not "a scintilla of evidence to support [defendant's]
22 theory," and defendant's "mere speculation . . . is not evidence." *Castellanos-Garcia*, 270 F.3d
23 at 776. In *Castellanos-Garcia*, the defendant was discovered by a Border Patrol agent 100 yards
24 from the border. He argued that he was under official restraint from crossing the border until he
25 was discovered, based on the possibility that other agents in the area may have been observing
26 the defendant. Our court of appeals held that the defendant "was required to submit or point to
27 some evidence" in support of his theory — the defendant's unsubstantiated speculation was
28 insufficient. So too here. Not only are the decisions defendant cites inapposite to this case, but

3

in the absence of contrary evidence, the evidence at trial was "sufficient to fulfill the government's burden of showing that [defendant] was free to migrate into the general population for some time, and was not under constant observation during that period." *Id*. at 776.

## CONCLUSION

For the reasons set forth above, defendant's motion for a judgment of acquittal is **DENIED**.

**IT IS SO ORDERED.**

Dated:  March 4, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4