1
2
3
4          IN THE UNITED STATES DISTRICT COURT
5
6        FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   UNITED STATES OF AMERICA,
9              Plaintiff,                      No. CR 12-00532 WHA
10   v.
11   HERMILO PALMERIN ZAMUDIO,
12              Defendant.
13   _____/
14
15
16              **FINAL CHARGE TO THE JURY**
17              **AND SPECIAL VERDICT FORM**
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1.

Members of the jury, it is now my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence and to decide whether the side with the burden of proof — the government — has carried its burden, applying the elements of proof required by the law, elements I will provide you in a moment.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The United States government charges defendant with one count of being a removed alien found in the United States.  The indictment itself is not evidence.

3.

Defendant has pleaded not guilty to the charge against him.  It is never defendant's burden to prove that he is innocent; he is presumed to be innocent.  He has the right to remain silent and does not have to testify or present any evidence to prove his innocence.

4.

The government has the burden of proving each element of the charge here at issue beyond a reasonable doubt.  Let me explain what that means.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that defendant is guilty.  It is not required, however, that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that defendant is guilty as charged, it is your duty to find defendant

not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that defendant is guilty as charged, it is your duty to find defendant guilty.

5.

The evidence from which you are to decide what the facts are consists of:

      1.    The sworn testimony of witnesses;

      2.    The exhibits received into evidence; and

      3.    Any stipulated facts.

6.

Certain things, however, are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

      1.    Arguments, statements and objections by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence itself.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

      2.    A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer.  A question by itself is not evidence.  Consider it only to the extent it is adopted by the answer.

      3.    Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered.

      4.    Anything you may have seen or heard when the Court was not in session is not evidence.

7.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

You should consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

8.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1.     The opportunity and ability of the witness to see or hear or know the things testified to;

2.     The quality of the witness' memory;

3.     The witness' manner while testifying;

4.     The witness' interest in the outcome of the case and any bias or prejudice;

5.     Whether other evidence contradicted the witness' testimony;

6.     The reasonableness of the witness' testimony in light of all the evidence; and

7.     Any other factors that bear on believability.

9.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have

United States District Court

For the Northern District of California

testified on the opposing sides.  The test is not the number of witnesses but the convincing force of the evidence.  You should base your decision on all of the evidence regardless of which party presented it.

### 10.

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony.  If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

### 11.

You have heard testimony that the defendant made or caused to be made certain statements.  It is for you to decide (1) whether the defendant made those statements or caused them to be made, (2) whether those statements were material, and (3) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it or caused it to be made.

### 12.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited.  Inability to recall and innocent misrecollection are common.  Two persons witnessing an incident or a transaction sometimes will see or hear it differently.  Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others.  You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

**United States District Court**
For the Northern District of California

13.

It is important for you to understand that a defendant in a criminal case has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that defendant in this case did not testify.

14.

You are here only to determine whether defendant is guilty or not guilty of the crime charged in this case.  Your determination must be made only from the evidence received at the trial.  Defendant is *not* on trial for any conduct or offense *not* charged in this case.  Even if you believe defendant is guilty of some other crime, you should focus your attention solely on the crime charged in this case.  You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of defendant, *only* as they relate to the charge in the indictment.

15.

I will now turn to the law that applies to this case.  Defendant is charged in the indictment with being an alien who, after removal, was found in the United States in violation of Section 1326(a) of Title 8 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> *First*, defendant was removed from the United States;
>
> *Second*, thereafter, defendant voluntarily entered the United States;
>
> *Third*, after entering the United States defendant knew that he was in the United States and knowingly remained;
>
> *Fourth*, defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and
>
> *Fifth*, defendant was an alien at the time of defendant's entry into the United States.

An alien is a person who is not a natural-born or naturalized citizen of the United States.

United States District Court

For the Northern District of California

You may infer from the warrant of removal that the defendant was in fact removed from the United States.

With respect to the element of voluntary entry, you may infer that the defendant voluntarily entered the United States if you determine that the government has proven that the defendant was found at a location other than a border of the United States.  It is, however, up to you to decide how much weight to give any evidence.

16.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

17.

The indictment uses the language or "on or about" in conjunction with certain dates.  The government need not establish with certainty the exact date of the alleged act or action.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the act or action took place on a date reasonably near the date alleged.

18.

You have heard evidence concerning how the defendant re-entered the United States.  I instruct you as a matter of law that those circumstances did not constitute consent by the Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States.

19.

The statute of limitations for the offense charged is five years.  When a deportee gains readmission to the United States by presenting an invalid travel document to border authorities, there is not notice to the federal authorities that his presence in the United States is illegal.  In such a circumstance, the statute of limitations does not begin to run until the deportee is

**United States District Court**
For the Northern District of California

subsequently found in the United States by federal immigration authorities.

20.

The punishment provided by law for the alleged crime is for the Court to decide.  You may not consider punishment in deciding whether the government has proven its case against defendant beyond a reasonable doubt.

21.

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, if any, must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations.

22.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

23.

As I noted before the trial began, when you retire to the jury room to deliberate, you will soon receive following things:

        1.     A copy of the indictment;

        2.     All of the exhibits received into evidence;

        3.     A work copy of these jury instructions for each of you;

United States District Court

For the Northern District of California

1    4.  A work copy of the verdict form for each of you; and

2    5.  An official verdict form.

3  Remember that none of these items are evidence except the exhibits.

4  When you recess at the end of a day, please place your work materials in the brown

5 envelope provided and cover up any easels with your work notes so that if my staff needs to go

6 into the jury room, they will not even inadvertently see any of your work in progress.

7          24.

8  In your deliberations it is usually premature to take a straw vote early on.  This is due to

9 the risk of jury members expressing a premature opinion and then, out of pride, digging in their

10 heels.  Rather it is usually better to discuss the evidence, pro and con, on the various issues

11 before proceeding to take even a straw vote.  In this way, all the viewpoints will be on the table

12 before anyone expresses a vote.  These are merely recommendations, however, and it is entirely

13 up to you to decide on how you wish to deliberate.

14          25.

15  A United States Marshal will be outside the jury-room door during your deliberations.

16 If it becomes necessary during your deliberations to communicate with me, you may send a note

17 through the Marshal, signed by your foreperson or by one or more members of the jury.

18 No member of the jury should ever attempt to communicate with me except by a signed writing

19 via the Marshal, and I will respond to the jury concerning the case only in writing or here in

20 open court.  If you send out a question, I will consult with the lawyers before answering it, which

21 may take some time.  You may continue your deliberations while waiting for the answer to any

22 question.  Remember that you are not to tell anyone — including me — how the jury stands,

23 numerically or otherwise, until after you have reached a unanimous verdict or have been

24 discharged.  Do not disclose any vote count in any note to the Court.

25          26.

26  If you do not reach a verdict by the end of today, then you will resume your deliberations

27 tomorrow and thereafter.

28

United States District Court

For the Northern District of California

It is very important that you let us know via note what hours you will be deliberating so that we may conform our schedule to yours.

27.

You may only deliberate when all twelve of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

28.

Now, a word to our alternate jurors. You will not be deliberating with the rest of the jury at the outset. You are free to leave once the jury begins its deliberations. You may be called in to replace one of the jurors. Therefore, your responsibilities as an alternate remain in effect. This means you are not to discuss this case with anyone until you join the regular jury in deliberations or until a verdict is returned and I expressly release you from service. If it becomes necessary to have you replace a juror, you will be asked to return to the court. You will then be sworn into the main jury and you and the rest of the jury will begin deliberations anew. If you will not be needed, you will be notified as soon as the Court itself makes that determination. We will pause for a moment now for our alternates to be escorted out — with our thanks.

29.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court through the Marshal that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: March 12, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE