IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 12-00532 WHA |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION REGARDING ORDER DENYING BATSON CHALLENGE** |
| HERMILO PALMERIN ZAMUDIO, | |
| Defendant. | |

In this criminal trial for reentry of a removed alien under 18 U.S.C. 1326, defense counsel asserted a *Batson* challenge to the government's peremptory strike during jury selection on March 11, 2013. This memorandum opinion memorializes the oral ruling denying the defense's challenge.

The Equal Protection Clause forbids the striking of potential jurors solely on account of their race. *Batson v. Kentucky*, 476 U.S. 79, 89 (1986). A violation of equal protection under *Batson* is established in a three-step process: (1) the defense must make out a prima facie case that the prosecutor exercised peremptory strikes on the basis of race "by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose"; (2) if the prima facie case is made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question; and (3) if the prosecutor carries the burden of showing a

race-neutral explanation, the defense has the burden to prove purposeful discrimination. *Id.* at 93–94, 97–98.

During the Court's review of the parties' peremptory strikes to the jury panel, the defense asserted a *Batson* challenge to the government's strike of Mr. Salvador Araujo from the jury panel. As its prima facie showing, defense counsel stated that Mr. Araujo was one of only a few Hispanic jurors on the panel. According to the government, at least one other Hispanic was on the panel (Mr. Patrick Gonzales); that juror was eventually selected for the jury and served as the foreperson. The defense argued that Mr. Araujo's answers to voir dire questions and the paucity of Hispanic panel-members in this prosecution related to immigration established a prima facie case for the *Batson* claim.

The government conceded that the defense's prima facie showing was sufficient, but contended that it had a non-discriminatory explanation for striking the juror. The government stated that its reason for striking Mr. Araujo was due to a concern that, given his earlier statements during voir dire, he seemed to have a distrust of police officers and law enforcement. In response to a question from the Court regarding whether any potential juror had any particularly good or particularly bad experiences with law enforcement, Mr. Araujo had stated that, twenty years ago, a police officer pulled him over while he was driving. The officer said it was for "no reason whatsoever," then searched his car. Mr. Araujo stated that he felt he had been racially profiled and was upset about the experience. Defense counsel argued that, when questioned by the Court about the incident, Mr. Araujo responded that he would be able to decide the case fairly on the merits despite this experience.

The Court overruled the defense's objection and excused Mr. Araujo, stating that even though Mr. Araujo said he could decide the case fairly, there was nonetheless a risk that his personal experience of prior racial profiling would become a factor for him in evaluating the case. The government had therefore provided a "clear and reasonably specific" explanation of its legitimate, race-neutral reason for exercising the challenge. *Id.* at 98 fn 20. Although the circumstances fell below a for-cause removal, a peremptory challenge may be exercised for lesser cause so long as it is not discriminatory.

For the foregoing reasons, and as stated previously on the record, defendant's *Batson* motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 13, 2013.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3