IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HERMILO PALMERIN-ZAMUDIO,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　／ | No. CR 12-00532 WHA<br><br><br>**MEMORANDUM OPINION<br>RE REJECTION OF<br>16-LEVEL ENHANCEMENT** |

## INTRODUCTION

Following conviction for illegal re-entry under 8 U.S.C. 1326, defendant filed objections to the presentence report prepared by the probation office. Defendant contends that his prior conviction for kidnapping under California Penal Code Section 207(a) does not constitute a "crime of violence" for purposes of Section 2L1.2(b)(1)(A) of the Sentencing Guidelines. As discussed below, this opinion agrees that, under the categorical approach, Section 207(a) does not constitute a "crime of violence" requiring a 16-level enhancement under the Sentencing Guidelines.

## STATEMENT

As set forth in prior orders, defendant Hermilo Palmerin-Zamudio, a citizen of Mexico, was previously removed from the United States (Dkt. Nos. 20 and 31). In July 2012, defendant was charged with illegal re-entry under 8 U.S.C. 1326. Defendant filed a motion to dismiss the criminal indictment based on a collateral attack of his prior removal order. The motion to

dismiss was denied by a prior order herein, which determined that defendant was removable due to his criminal convictions for kidnapping and possession of a controlled substance (*ibid.*). In March 2013, a jury found defendant guilty of illegally re-entering the United States.

Prior to sentencing, defendant filed a number of objections to the presentence report prepared by the United States Probation Office. As to one, defendant objected that the presentence report improperly applied a 16-level enhancement due to defendant's 1994 conviction for kidnapping in violation of Section 207(a) of the California Penal Code, to which defendant had pled guilty and had been sentenced to three years in prison. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). Defendant argues that his kidnapping conviction does not qualify as a "crime of violence" for which a 16-level increase should be applied. Instead, defendant contends that the kidnapping conviction constitutes an aggravated felony conviction, for which an eight-level increase is appropriate. *See id.* at § 2L1.2(b)(1)(C).

In response to defendant's objections, the government filed a sentencing memorandum arguing that defendant's conviction qualifies as a crime of violence because (1) kidnapping is among the crimes specifically enumerated in the application note to Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines and (2) kidnapping involves a risk of violence. The probation office provided its responses to defendant's objections in the presentence report. On May 28, a sentencing hearing lasting approximately one and a half hours was held before the undersigned judge and was continued on May 30 for further argument. For the reasons stated below, the Court has concluded that defendant's prior kidnapping conviction does not qualify as a crime of violence under Section 2L1.2(b)(1)(A)(ii) under the categorical approach, but does constitute an aggravated felony under Section 2L1.2(b)(1)(C). Accordingly, an eight-level enhancement is appropriate.

## ANALYSIS

Under Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines, a 16-level increase in a defendant's offense level is warranted where the defendant was previously removed after conviction for a "crime of violence." The application note to Section 2L1.2(b)(1)(A)(ii) defines a "crime of violence" as:

> [A]ny of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

Defendant was convicted of kidnapping under California Penal Code Section 207(a), which provides, as it did at the time of defendant's conviction, that:

> Every person who forcibly, or by any other means of instilling fear, steals or takes, or holds, detains, or arrests any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping.

In determining whether a defendant's prior offense constitutes a crime of violence for purposes of Section 2L1.2(b)(1)(A)(ii), we must apply the categorical and modified categorical approaches set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *United States v. Gonzalez-Perez*, 472 F.3d 1158, 1160 (9th Cir. 2007); *United States v. Marquez-Lobos*, 697 F.3d 759, 762 (9th Cir. 2012). Under the categorical approach, we do *not* "examine the facts underlying the prior offense, but look only to the fact of conviction and the statutory definition of the prior offense." *Marquez-Lobos*, 697 F.3d at 762 (quotation marks and citation omitted). "If the statutory definition of the prior offense criminalizes conduct that would not constitute a 'crime of violence,' then the statute is not a categorical fit, and we must consider whether the prior conviction may still be used for a sentencing enhancement under the modified categorical approach." *Id.* at 762–63. Under the modified categorical approach, "the government has the burden to establish clearly and unequivocally the conviction was based on all of the elements of a qualifying predicate offense." *United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004), *overruled on other grounds by United States v. Snellenberger*, 548 F.3d 699, 702 (9th Cir. 2008) (en banc).

As an initial matter, neither probation nor the government argues that defendant's conviction qualifies as a crime of violence under the modified categorical approach, and neither has provided the Court with judicially-noticeable documents of the type that may be considered under the modified categorical approach and that would shed light on the matter. *See Young v.*

3

*Holder*, 697 F.3d 976, 983 (9th Cir. 2012). Accordingly, defendant's kidnapping conviction under Section 207(a) "could qualify categorically as a 'crime of violence' in one of two ways": (1) "if it has 'an element of use, attempted use or threatened use of physical force against the person of another," or (2) "if it constitutes 'kidnapping in its generic sense.'" *Marquez-Lobos*, 697 F.3d at 763 (quoting *Gonzalez-Perez*, 472 F.3d at 1160).

### 1. PHYSICAL FORCE AS AN ELEMENT.

Our court of appeals has held that "[b]ecause kidnapping under § 207(a) can be committed by 'any means of instilling fear' instead of by force, § 207(a) does not include 'the use . . . of physical force' as an element of the crime." *Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1127 (9th Cir. 2012). *Delgado* addressed whether Section 207(a) was a "crime of violence" under 18 U.S.C. 16(a), defined as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." That provision is substantially similar to the "catch-all" provision in the Sentencing Guidelines application note, which covers offenses "that ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 Application Notes 1.B.iii. Accordingly, the reasoning of our court of appeals in *Delgado* applies to the analysis herein. Section 207(a) does not invariably require "physical force" as an element and therefore does not categorically qualify defendant's kidnapping conviction as a crime of violence based on use of force. *See Marquez-Lobos*, 697 F.3d at 763.

### 2. GENERIC DEFINITION OF KIDNAPPING.

The government argues that, because the crime of "kidnapping" is listed in the Sentencing Guidelines application note, kidnapping under Section 207(a) must qualify as a "crime of violence" under Section 2L1.2(b)(1)(A)(ii). Our court of appeals has explained, however, that "*Taylor* instructs that where, as here, the enhancement provision does not specifically define the enumerated offense, we must define it according to its 'generic, contemporary meaning.'" *Gonzalez-Perez*, 472 F.3d at 1161. Our court of appeals has further held that the generic definition of kidnapping "encompasses, at a minimum, the concept of a 'nefarious purpose' motivating restriction of the victim's liberty" as well as "the unlawful

4

deprivation of another person's liberty of movement." *Marquez-Lobos*, 697 F.3d at 764 (quoting *Gonzalez-Perez*, 473 F.3d at 1161). In *Gonzalez-Perez*, our court of appeals compared a Florida statute defining false imprisonment as "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his or her will" with the state's kidnapping statute, which defined kidnapping as:

> forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his or her will and without lawful authority, *with intent to: (1) hold for ransom or reward or as a shield or hostage; (2) commit or facilitate commission of any felony; (3) inflict bodily harm upon or to terrorize the victim or another person; (4) interfere with the performance of any governmental or political function.*

*Gonzalez-Perez*, 472 F.3d at 1161 (quoting Fla. Stat. § 787.01(1)(a)) (emphasis in original). While the Florida kidnapping statute did include intent or purpose as an element, our court of appeals determined that the false imprisonment statute contained "no nefarious purpose element whatsoever." *Ibid.* Similarly, while Section 207(a) includes an aggravating factor that the person be carried into another country, state, or county, it does not require that the conduct be done with a nefarious purpose. Our court of appeals' decision in *United States v. Fernandez-Serrano*, 327 Fed. Appx. 9 (9th Cir. 2009), though unpublished, is in accord with this conclusion. The decision in *Fernandez-Serrano* stated that the defendant's kidnapping conviction under Section 207 was "not categorically a crime of violence because the conviction lacked the 'nefarious purpose' element of the generic crime of kidnapping." *Id.* at 11. Moreover, the conviction also did not have "as an element, the use, attempted use, or threatened use of *physical* force against the person of another." *Ibid.* (emphasis in original).

The government's reliance on decisions from our court of appeals finding that Section 207(a) constitutes a crime of violence under 18 U.S.C. 16(b) is misplaced. *See Delgado-Hernandez*, 697 F.3d at 1133; *Barragan-Lopez v. Holder*, 705 F.3d 1112, 1115 (9th Cir. 2013). In those decisions, our court of appeals applied Section 16(b), which defines a "crime of violence" as an offense that "involves a substantial risk that physical force . . . may be used." *Delgado-Hernandez*, 697 F.3d at 1127. That analysis is not relevant here, as the "substantial risk" definition is not found in Section 2L1.2 of the Sentencing Guidelines or the

5

accompanying application note. As pointed out by our court of appeals in *Barragan*, the application note here at issue does *not* include the "substantial risk" language of Section 16(b). *Barragan*, 705 F.3d at 1116. A crime may therefore constitute a "crime of violence" under Section 16(b) even if it does not meet the definition set forth in Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines. *Ibid.*

Accordingly, the 16-level enhancement for a "crime of violence" under Section 2L1.2(b)(1)(A)(ii) should *not* be applied. Defendant's kidnapping conviction does, however, qualify as an aggravated felony, as set forth in this Court's prior orders and in our court of appeals' decision in *Delgado-Hernandez.* 697 F.3d at 1133. Under Section 2L1.2(b)(1)(C), the base offense level should be increased by eight levels for "a conviction for an aggravated felony." Defendant agrees that an eight-level enhancement should be applied given the binding authority in this circuit (Dkt. No. 109 at 4 fn. 2).

**CONCLUSION**

For the reasons stated above, a 16-level enhancement under Section 2L1.2(b)(1)(A)(ii) is not appropriate. Instead, an eight-level enhancement should be applied under Section 2L1.2(b)(1)(C). If, on appeal, this calculation is held to be erroneous, then please ask for a remand for re-sentencing inasmuch as this calculation has materially influenced the ultimate sentence.

**IT IS SO ORDERED.**

Dated: May 30, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6